Filed 6/18/24  P. v. Christopher CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082182 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD285304) |
| VICTORIA CHRISTOPHER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Affirmed.

Benjamin Kington, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, Warren J. Williams, and Sahar Karimi, Deputy Attorneys General, for Plaintiff and Respondent.

Victoria Christopher appeals her midterm sentence, claiming the trial court erred by (1) using the wrong legal standard in determining whether her childhood trauma qualified as a mitigating factor, and (2) concluding her

trauma did not qualify her for a presumptive low-term sentence. We conclude that, even if the trial court adopted the incorrect standard, the error was harmless. We further conclude (1) the trial court did not abuse its discretion in finding that Christopher's trauma was not a mitigating factor, and (2) even if the court did err, the error was harmless. Thus, we affirm.

I.

Christopher was in line at a gas station when J.L. pulled in front of her. Christopher got out of her car and demanded J.L. move his car. After he refused, she threatened to shoot him. He refused again. She then returned to her car, got a firearm, shot the front tires of J.L.'s car, and left the scene.

The jury convicted Christopher, as relevant here, of shooting at an unoccupied vehicle (Pen. Code, § 247, subd. (b); count 1); possession of a firearm by a felon (§ 29800(a)(1); count 2); discharging a firearm in a grossly negligent manner (§ 246.3(a); count 3); and attempted making of a criminal threat (§§ 664, 422; count 4). Further, the jury found true the allegations that Christopher personally used a: (1) deadly weapon, as to counts 1 and 3 (Pen. Code, §1192.7(c)(23)), and (2) firearm, as to count 4 (§ 12022.5(a)). The trial court also found true beyond a reasonable doubt the allegations that Christopher had a serious felony prior (§ 667(a)(1)) and a strike prior (§§ 667(b)-(i), 1170.12, 668).

At Christopher's initial sentencing hearing, the trial court denied Christopher's motions to dismiss her strike prior and the serious felony prior enhancement, given her history of aggression and numerous convictions of increasing seriousness. The court imposed a total prison term of 10 years and 4 months, comprised, as relevant, of: the midterm sentence of 2 years on count 1, doubled to 4 years given Christopher's strike prior; a consecutive

2

sentence of 16 months on count 2 (one-third of the 2-year midterm, doubled); and a 5-year consecutive sentence for the serious felony prior.

On direct appeal, we affirmed Christopher's conviction but remanded for resentencing. (*People v. Christopher* (Aug. 26, 2022, D078892) [nonpub. opn.].) On remand, Christopher requested the trial court impose the low term under section 1170(b) due to a mitigating factor—childhood trauma—that outweighed any aggravating factors. Relying on a psychological evaluation, Christopher argued her abusive childhood contributed to the offense because it caused her to become "aggressive toward any perceived threats." She also renewed her motions to dismiss the strike prior and the serious felony prior enhancement.

At the resentencing hearing, the trial court stated "it is clear" Christopher "has suffered past trauma in her life," but it was "very clear also . . . that it had nothing to do with anything in this case." The court thus concluded the trauma was not a "substantial contributing factor at all." The court noted it "did consider the mitigation," but it did not believe the low term was "appropriate based on all of the factors laid out by the People and probation in their report." The court therefore reimposed the original sentence of 10 years and 4 months.

## II.

We review sentencing errors for abuse of discretion (*People v. Sandoval* (2007) 41 Cal.4th 825, 847) and will reverse only when "it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*People v. Watson* (1956) 46 Cal.2d 818, 836.) The trial court's application of the law to the facts is reversible only if "arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712.)

3

Under section 1170(b)(6), the trial court shall impose the low term if the defendant experienced "childhood trauma" that was a "contributing factor" in the commission of the offense. If, however, "the aggravating circumstances outweigh the mitigating circumstances" such that imposing the low term would be "contrary to the interests of justice," the trial court need not impose the low term. (§ 1170(b)(6).)

With these principles in mind, we conclude that, even if the trial court erred in considering whether the trauma was a "*substantial* contributing factor," the error was harmless. (Italics added.) The court found that Christopher's childhood trauma had *no connection whatsoever* to the crime. Thus, even if the court had applied the correct standard and considered whether Christopher's trauma was a "contributing factor" rather than a substantial one, it is not reasonably probable the court would have imposed the low term.

The trial court also did not abuse its discretion in concluding Christopher's trauma did not contribute to the offense at all. The trial judge acknowledged Christopher's trauma made her "aggressive towards any perceived threats." However, the People noted during sentencing that J.L. did not threaten Christopher. We also cannot find anything in the record suggesting J.L. intimidated Christopher by cutting in front of her or refusing to move such that she reasonably could have perceived his actions as a threat. On this evidence, the court's finding that Christopher's childhood trauma did not contribute to the offense was not arbitrary and capricious.

Even were that finding an abuse of discretion, any error was harmless. As the People argued and the trial court acknowledged, there were multiple aggravating circumstances and only a single mitigating factor. Christopher was on parole for her strike prior at the time she committed the instant

4

offense; she had numerous probation violations, revocations, and terminations; and she continued to reoffend while on probation. The People noted Christopher used a deadly weapon to threaten J.L. without provocation, showing she was a danger to society. The People and probation also noted, as the court had previously found, that Christopher's prior convictions were numerous and of increasing seriousness. In declining to impose the low term, the trial court stated, "I do not believe it's appropriate based on all of the factors laid out by the People and probation in their report." Given these significant aggravating circumstances, it is not reasonably probable the court would have imposed the low term even if it concluded Christopher's childhood trauma was a mitigating factor. We thus conclude the trial court did not err in reimposing the midterm sentence.

III.

We affirm the judgment.

CASTILLO, J.

WE CONCUR:

MCCONNELL, P. J.

BUCHANAN, J.

5